MR. CHIEF JUSTICE HASWELL
dissenting.
I respectfully dissent.
The majority hold that the subsequent search of the apartment violated the Fourth Amendment to the United States Constitution and the contraband seized should not have been admitted in evidence at the trial. Nonetheless, they affirm the conviction because the remaining admissible evidence is sufficient to support a conviction.
Where, as here, federal constitutional error has occurred we are required to determine whether such error constitutes harmless or prejudicial error. The test is whether this Court can declare its belief that the error was harmless beyond a reasonable doubt. Chapman v. California (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. The majority have not addressed this question.
Here defendant was charged with possession of approximately 372 grams of marijuana, a felony. The admissible evidence to support this charge consisted of several pipes and a small bag of marijuana in plain view on a coffee table in the apartment. The subsequent unlawful search uncovered a vial of seeds, a sack of stems, several small bags of marijuana, a large bag of marijuana, several small bags of seeds, a scale, a black pipe, a $100 bill and five $1 bills. The total weight of all the marijuana, both that which was admissible and that which was not, was 387.07 grams.
I find no evidence that the small bag of marijuana on the coffee table (which is the only admissible marijuana) exceeded 60 grams in weight so as to constitute a felony. Without such proof, the evidence is insufficient to support the felony conviction. Additionally the jury could infer from the tainted evidence that defendant was a “pusher” or drug dealer because of the large amount of marijuana, the scales, and the money. For these reasons I cannot *148 say beyond a reasonable doubt that the inadmissible evidence did not contribute to defendant’s conviction. Fahy v. Connecticut (1963), 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171, nor that such evidence was harmless beyond a reasonable doubt. Chapman v. California, supra.
I would vacate the conviction and remand the case to the District Court for a new trial.
MR. JUSTICE HARRISON concurs.